### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| Artyom Sadyhyan,<br><br>　　　　　Plaintiff,<br><br>– against–<br><br><br>TD Bank USA, N.A., Experian Information Solutions, Inc.<br><br>　　　　　Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff, Artyom Sadyhyan (hereinafter "Plaintiff"), by and through undersigned counsel, Garibian Law Offices, P.C., by way of Complaint against Defendants, TD Bank USA, N.A. ("TD Bank"), and Experian Information Solutions, Inc. ("Experian"), alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff is an adult citizen of the state of New York.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant TD Bank is a national bank chartered under the laws of the United States, with its main office in Wilmington, DE, that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Experian is a corporation that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper on the following bases:

   A. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of this judicial district pursuant to 28 U.S.C. § 1391(c)(2).

   B. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. On October 11, 2022, Mr. Sadyhyan and TD Bank entered into a "workout plan" with respect to an alleged obligation owed by Mr. Sadyhyan to TD Bank.

9. Pursuant to the terms of the workout plan, Mr. Sadyhyan was required to make a minimum payment of $219.00 on a monthly basis for the duration of the workout plan.

10. Thereafter, Mr. Sadyhyan made payments on a timely basis. Specifically, in October and November 2022, Mr. Sadyhyan's payments under the workout plan were due on October 12, 2022 and November 12, 2022, respectively.

11. In accordance with the workout plan and in full compliance with the terms thereof, Mr. Sadyhyan made timely payments on October 11, 2022, November 12, 2022 and December 12, 2022. Through the date of the filing of this Complaint, Mr. Sadyhyan continues to make payments on a timely basis.

12. Despite having made the October 2022, November 2022 and December 2022 payments in a timely fashion, Mr. Sadyhyan's TD Bank account was negatively and inaccurately reported.

13. Specifically, on an Experian credit report (January 2, 2023), Mr. Sadyhyan's TD Bank account is reported as being "Past due 30 days two times" – with the payment history reflecting late payments in November and December 2022, when in fact, this was clearly not the case.

14. On January 10, 2023, Plaintiff, through counsel, notified Experian of a dispute with the completeness and/or accuracy of the reporting of Plaintiff's TD Bank account.

15. Accordingly, Plaintiff disputed the accuracy of the derogatory information reported by TD Bank to Experian in accordance with 15 U.S.C. § 1681i of the FCRA.

16. On February 17, 2023, Plaintiff requested an updated credit report from Experian. The tradeline for Plaintiff's TD Bank account remained inaccurate, as Experian failed

to correct the aforementioned inaccuracies and continued to report Plaintiff's TD Bank account has being been paid late in November 2022, December 2022, January 2023 and February 2023 and "Past due 30 days four times" under "Status."

17. Upon information and belief, Experian did not notify TD Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify TD Bank and TD Bank failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit report. As a result, Plaintiff's credit report continues to be inaccurate.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

18. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above as though the same were set forth at length herein.

19. This suit is brought against all Defendants, whose negligent and willful violations of the FCRA have damaged Plaintiff.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of all Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiff.

## TD BANK'S FCRA VIOLATIONS

22. If TD Bank had performed a reasonable investigation of Plaintiff's dispute, pursuant to its obligations under 15 U.S.C. §1681s-2(b), Plaintiff's TD Bank account would

have been updated to reflect that there were no late payments on Plaintiff's TD Bank account.

23. TD Bank has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to meet the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiff's credit reports.

24. TD Bank failed to conduct a complete, accurate or reasonable investigation and upon information and belief, verified the inaccurate information that was disputed by Plaintiff.

25. TD Bank should have discovered that the information it was reporting to the credit reporting agencies was not accurate.

26. Had TD Bank properly investigated Plaintiff's dispute, it would have corrected the reporting.

## **EXPERIAN'S FCRA VIOLATIONS**

27. Experian violates its duties under 15 U.S.C. § 1681a to conduct a good faith investigation into Plaintiff's dispute.

28. Plaintiff's detailed and thorough dispute provided Experian with sufficient information to show that Plaintiff's subject account was being reported inaccurately.

29. Experian failed to conduct a good faith and/or reasonable investigation into Plaintiff's dispute.

30. Further, Experian failed to properly maintain and failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the

FCRA. These violations occurred before, during, and after the dispute process began with Experian.

## CLAIM FOR RELIEF

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

33. TD Bank is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

34. TD Bank is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

35. Plaintiff notified Experian directly of a dispute regarding the reporting of the subject account's completeness and/or accuracy, as reported.

36. TD Bank failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and Experian within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

37. TD Bank failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

38. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's dispute.

39. Experian failed to maintain or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, concerning the account in question, in violation of 15 U.S.C. § 1681e(b).

40. As a result of Defendants' violations of the FCRA, Plaintiff suffered and continues to suffer actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages.

41. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

   **WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**GARIBIAN LAW OFFICES, P.C.**

_____
Antranig Garibian, Esquire (Bar No. 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803 (302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*